**D. K. MacDONALD & CO. OF ALASKA, Inc. et al.**

v.

**ALASKA INDUSTRIAL BOARD et al.**

**No. 6750–A.**

District Court, Alaska
First Division, Juneau.

Jan. 13, 1954.

Robert Boochever, of Faulkner, Banfield & Boochever, Juneau, Alaska, for plaintiffs.

M. E. Monagle, of Robertson, Monagle & Eastuagh, Juneau, Alaska, for defendant George Gilbertson.

FOLTA, District Judge.

On rehearing the defendant contends (1) that Anderson and not he was the real party in interest, (2) that in construing the phrase "including all operations of every nature incidental" the Board did not lift it from its context; and (3) that the policy was intended by the parties to include locations other than the Pioneer Hotel.

In support of the first contention, it is argued that Gilbertson is not the real party in interest because he is Anderson's subrogee and that he has fully paid Anderson under the Workmen's Compensation Act, A.C.L.A.1949, § 43–3–1 et seq. There appears to be no support for this latter statement in the record; but, in any event, the principle of subrogation is not applicable. If Gilbertson has in fact paid Anderson full compensation, Gilbertson's claim against his insurer would be for indemnity under the terms of the policy. This is why the principles of general insurance law apply as between the employer and insurer.

In support of the second contention, the defendant argues that the Board did not intend to use the phrase quoted as a direct quotation from the policy but rather as a general statement, and refers to paragraphs 1(b) 5 and 6 and Special Conditions No. 3, containing language substantially similar to the quoted phrase. Aside from the fact that this point is not material, it does not furnish support for the Board's ruling on coverage.

In support of the third point, it is argued that the policy was intended to cover locations other than the Pioneer Hotel because item 5 provides that

"This Employer is conducting no other business operations at this or any other location not herein disclosed—except as herein stated: Not Stated"

whereas, item 6 provides that

"No similar insurance has been cancelled by any insurance carrier during the past year—except as herein stated: No Exceptions"

Defendant asserts that the words "not stated" were intended by the parties to mean that other locations were covered by the policy but were not to be listed in item 5. But it seems to me that, had that been the intent of the parties, the more apt term "no exceptions" would have been used as was done in item 6. Perhaps it would have been preferable to use the term "no exception" in item 5 but in my opinion, it would be wholly unreasonable to conclude that the words "not stated" were intended to mean that undisclosed locations were covered by the policy. The prior opinion is, therefore, adhered to.